UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:98-CR-7-R

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

ANTHONY R. JOHNSON                                                                    DEFENDANT

**OPINION AND ORDER**

This matter is before the Court on Defendant Anthony R. Johnson's Motion to Amend Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Docket #328). Plaintiff has responded (Docket #331) and Defendant has replied (Docket #332). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is **DENIED**.

On November 11, 1998, the jury returned a verdict convicting Defendant of one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §846, two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §841(a)(1), and two counts of attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §846.

On March 22, 1999, this Court determined Defendant's sentence as follows. At the time of sentencing, the quantity of methamphetamine possessed by Defendant resulted in a base level offense of thirty-eight. Defendant's base offense level was enhanced by two points under §3B1.1(c) of the United States Sentencing Guidelines ("U.S.S.G."), which sets forth a two-level enhancement if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity." The Court declined to adopt an additional two-level increase for obstruction of justice pursuant to §3C1.1(a). In total, Defendant's offense level was forty. Taking into account

Defendant's Category III criminal history, the guideline range applicable to Defendant was 360 months to Life. The Court sentenced Defendant to a total term of imprisonment of 360 months for each count, to run concurrently.

Generally, a court may not modify a sentence once it has been imposed.. *See* 18 U.S.C. §3582(c). However, Congress has created an exception to this rule. A court may modify a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2).

Defendant argues that his sentence should be reduced based on the retroactivity of Amendment 599 to U.S.S.G. §2K2.4. In support of his argument, Defendant relies on *United States v. Hicks*, a recent Ninth Circuit decision that applies the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), holding that district courts should treat the United States Sentencing Guidelines as advisory, to the resentencing of defendants pursuant to 18 U.S.C. §3582(c). 472 F.3d 1167 (9th Cir. 2007). The defendant in *Hicks* argued that Amendment 599 eliminated his two-level enhancement for firearm possession because the firearm originally used to enhance his sentence was also part of the offense that constituted his §924(c) conviction. *Id.* at 1169. The Ninth Circuit concluded that because *Booker* applies to resentencing under §3582(c), the lower court erred in its mandatory application of the guidelines when it held that a further reduction of the defendant's sentence in light of Amendment 599 was beyond its authority. *Id.* at 1171-73.

Here, Defendant is mistaken in his application of the law. Amendment 599 to §2K2.4 bars "double counting" of firearm enhancements where there is a conviction under 18 U.S.C. §§ 844(h), 924(c), or 929(a). However, Defendant was not convicted of a crime under 18 U.S.C. §§

844(h), 924(c), or 929(a), nor was he sentenced under §2K2.4.  Defendant further contends that his sentence was improperly enhanced under §2D1.1, but he was also not sentenced under §2D1.1.  Defendant's sentence was only enhanced under §3B1.1(c), which has nothing to do Amendment 599 or firearm possession.

    **IT IS HEREBY ORDERED** that Defendant's Motion to Amend Sentence Pursuant to 18 U.S.C. §3582(c)(2) is **DENIED**.